**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATHAN LEBARON,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF WEBSTER, RICHARD LAFOND, SEBASTIAN J. MROCZKA, THEODORE TETRAULT III, DOUG WILLARDSON, LAUREN C. ROCHE, ANN V. MORGAN, JASON PIADER, DANIEL COURNOYER, CHRISTOPHER DAGGETT, MARK MASON, and DANIEL FALES,<br><br>Defendants. | Civ. No. 4:26-cv-40007 |

**ORDER ON DEFENDANTS' MOTION TO DISMISS [ECF No. 15]**

**GUZMAN, J.**

In this purported civil rights action, *pro se* Plaintiff Nathan LeBaron asserts causes of action against the Town of Webster ("the Town") and several Town employees for alleged wrongs concerning interactions between Plaintiff's church and the Town. Plaintiff seeks several orders, including that Defendants remove an allegedly fraudulent lien from Plaintiff's church property, that Defendants connect Plaintiff's church buildings to the municipal water supply, that Plaintiff may be permitted to immediately begin construction on the property, and that the Defendants pay compensatory and punitive damages pursuant to federal and state constitutional violations, which Plaintiff alleges pose a burden to his rights to the free exercise of religion and equal protection. [See Am. Compl., ECF No. 13]. For the reasons stated in the Defendants' Motion to Dismiss memorandum, [ECF No. 16], the motion to dismiss must be **GRANTED** and this action is hereby **DISMISSED.**

## I. BACKGROUND

Plaintiff Nathan LeBaron is the President, "Corporation Sole," and Chief Judge of the religious court for the Church of the Firstborn ("CFB") located at 4 Bartlett Street, Webster, Massachusetts. [See Am. Compl. ¶¶ 12–14]. Plaintiff alleges that since December 2018, Defendants—municipal employees for the Town of Webster—have refused to approve a permit for CFB to construct an office and other buildings, and to connect the church to the municipal water supply. [See id. ¶ 1]. The restriction of the water supply, according to Plaintiff, is a violation of members' right to their religious observance. [See id. ¶¶ 47–51, 58–59]. In October 2019, the Town posted an "Emergency Order to Vacate" for the CFB Office pursuant to several violations of safety and sanitary codes due in part to the lack of running water. [Id. ¶ 63]. CFB was fined five-hundred dollars per day due to these safety violations and violations regarding a wooden fence on a neighboring property, accruing a lien of approximately $35,300.00 by November 1, 2021. [Id. ¶¶ 65, 75–76].[1] Plaintiff alleges that municipal employees thereafter trespassed on his property in relation to discussion of the lien. [Id. ¶¶ 142, 156, 169–77]. On September 21, 2022, Plaintiff requested municipal employees to remove the lien on the property, however, the employees refused to do so given the pending matter of the fence on a neighboring property. [Id. ¶¶ 143–44].

### A. Procedural History

Plaintiff filed the original Complaint in October 2025, in Worcester County Superior Court. [ECF No. 1-1 at 4]. This case was removed to federal court in January 2026. [ECF No. 1]. In February, Plaintiff filed an Amended Complaint asserting thirteen (13) causes of action, seeking monetary damages and a variety of injunctive relief. [See Am. Compl.]. Defendants filed their

[1] It is unclear whether the value of the lien is $35,300 or $33,650.52 and whether this lien is an accrual of fines, or in addition to those fines. [See id. ¶¶ 75–78].

Motion to Dismiss. [ECF No. 15]. Plaintiff did not oppose the Motion to Dismiss but did file a Motion for Order and Motion for Sanctions, both of which were opposed by Defendants and subsequently denied by this Court. [ECF Nos. 17–23].

## II. LEGAL STANDARDS

When reviewing a motion to dismiss against a *pro se* Plaintiff, the Court is required to "interpret the *pro* se complaint liberally." Sause v. Bauer, 585 U.S. 957, 960 (2018). Nonetheless, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). At the pleading stage, a plaintiff need not demonstrate that they are likely to prevail, but "[their] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Under Fed. R. Civ. P. 8(a)(2), a complaint need only include, "a short and plain statement of the claim showing that the pleader is entitled to relief." A well-pleaded complaint does not require detailed factual allegations, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a

> defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Id. at 678 (citation modified). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must at least "set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004).

## III. DISCUSSION

Defendants move to dismiss the Amended Complaint, asserting both merits-based and procedural reasons for dismissal. The Court finds Defendants' brief persuasive but will focus this order particularly on the determination that Plaintiff's claims are barred by the statute of limitations.[2] Plaintiff asserts causes of action against the Town of Webster and several employees for alleged civil rights violations, state torts, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. [See Am. Compl.].

As noted in Defendants' memorandum in support of their Motion to Dismiss, Plaintiff has filed successive actions on these same issues in state court against the same or similar Defendants over the course of several years. [ECF No. 16 at 5–6, 12–13]. These actions, LeBaron et. al. v. Town of Webster et. al., Worcester Superior Court Docket No. 2185CV00371 (hereinafter "LeBaron I"); LeBaron et. al. v. Town of Webster et. al., Worcester Superior Court Docket No. 2285CV01127 (hereinafter "LeBaron II"); and LeBaron et. al. v. Town of Webster et. al.,

[2] The Court notes that even if Plaintiff was within the statute of limitations, the Court is persuaded that this case would still be dismissed due to a failure to state a proper claim for relief. In part, because Mr. LeBaron cannot prosecute this action as a non-attorney on behalf of the Church of the Firstborn. [Am. Compl. ¶¶ 12–14]; see 28 U.S.C. § 1654. Additionally, Plaintiff has failed to plead sufficient facts to state a claim against the individual Town employees or the Town of Webster for any of the pending claims. The Court also believes that many, if not all, of the presented claims would be barred by collateral estoppel or *res judicata* given the several prior actions involving an identical set of facts and similar or identical defendants. See LeBaron I, LeBaron II, and LeBaron III.

Worcester Superior Court Docket No. 2385CV00638 (hereinafter "LeBaron III") were either previously dismissed on the merits or voluntarily dismissed by Plaintiff. [ECF Nos. 16-2, 16-4, 16-6].[3]

The allegations in the operative Amended Complaint range from October 2018 to September 2022, and, as discussed below, it appears that this action is time-barred. Plaintiff does not reference any new cause of action as accruing after September 21, 2022. [See Am. Compl.] Plaintiff asserts claims under 18 U.S.C. §§ 1983 & 1985 (Counts I, II, V, VI, VII, X (sic), XI (sic), & XII (sic)), and state tort claims such as Intentional Infliction of Emotional Distress and Trespass (Counts III & IV) – all of which are subject to a three-year statute of limitations in Massachusetts. See Fincher v. Town of Brookline, 26 F.4th 479, 485–86 (1st Cir. 2022) (explaining that Section 1983 generally borrows the limitations period "found in the general personal injury statute of the jurisdiction in which the claim arises," which is three years in Massachusetts); see also Mass. Gen. Laws ch. 260, § 2A ("Except as otherwise provided, actions of tort . . . shall be commenced only within three years next after the cause of action accrues.").

Additionally, Plaintiff has alleged two causes of action for violation of RLUIPA (Counts IX (sic) & XIII (sic), originating from Defendants' conduct as early as 2018. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the cause of action arises."); [see Am. Compl. ¶ 1]. Thus, once Plaintiff discovered or reasonably should have discovered that Defendants' alleged

[3] It is well established that in evaluating a motion to dismiss, a court may consider documents attached to or incorporated into the complaint, facts susceptible of judicial notice, and official public records. See Newman v. Krintzman, 723 F.3d 308, 309 (1st. Cir. 2013); see Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993). A court may take into account public court documents filed in earlier court proceedings when considering a motion to dismiss. See Newman, 723 F.3d at 309.

misconduct injured him, he was subject to these three- and four-year statute of limitations to file a lawsuit concerning that injury. See Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) (quoting Bowen v. Eli Lilly & Co., 557 N.E.2d 739, 741 (Mass. App. Ct. 1990)). It is apparent given the prior litigation in this case that Plaintiff was aware of these injuries within the appropriate time frame and has previously litigated many of these issues in prior actions. See LeBaron I, LeBaron II, and LeBaron III.

Given that this current action was initiated in Worcester County Superior Court in October 2025, beyond the statute of limitations for any of these pending claims, Plaintiff has failed to state a claim for relief.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss, ECF No. 15, is **GRANTED**, the claims are dismissed **with prejudice**.

## V. Plain Language Summary for Pro Se Plaintiff

Mr. LeBaron, the Court has determined that the allegations you have brought in this action are time-barred by the statute of limitations for your claims. A statute of limitations is essentially a legal deadline. The statute of limitations for a claim is usually stated in the statute itself or is set by case law. In effect, the statute of limitations is a rule that says: once something happens (a crime, an injury, a breach of contract, etc.), you only have a certain amount of time to take legal action about it. After that window closes, you generally lose the right to sue or prosecute on those allegations. The statute of limitations for your claims is either three years or four years, depending on the claim, as discussed above. Given the fact that you were on notice for the conduct you have alleged against Defendants as early as 2018 to 2021 – dates you cite in your complaint – all of the causes of action in your lawsuit are time-barred and you cannot pursue these claims. Your case is

being dismissed on the merits with prejudice, which means you cannot refile this suit against the same Defendants based on the same facts and claims.

**SO ORDERED.**

Dated: September 8, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge